UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| INTRUA FINANCIAL HOLDINGS, LLC, et al., | ) ) |
| Plaintiffs, | ) ) |
| v. | ) )  No. 4:23-CV-1187 RLW |
| ANDREW KELLER, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Seal Disclosure Statements. (ECF No. 15). Plaintiffs request that they be allowed to file their Disclosure Statements under seal and that the identities of Plaintiffs' members be kept under seal indefinitely. For the reasons that follow, the motion is denied.

All documents received for filing in this District, including Disclosure Statements, must be filed in the public record unless the Court orders otherwise. E.D.Mo. L.R. 2.09(A) ("Disclosure Statement may be filed under seal if so ordered by the Court in accordance with E.D.Mo. L.R. 13.05(A)."). Plaintiffs move that they be allowed leave to file their Disclosure Statements under seal pursuant to E.D.Mo. L.R. 13.05(A).

Court proceedings and filings are "presumptively public." United States v. Gray, 59 F.4th 329, 332 (8th Cir. 2023). "This right of access is not absolute," however, "but requires a weighing of competing interests." Webster Groves Sch. Dist. v. Pulitzer Pub. Co., 898 F.2d 1371, 1376 (8th Cir. 1990). Whether sealing is warranted turns on "the relevant facts and circumstances of the particular case." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978)).

When ruling on a motion for leave to file documents under seal, the Court "must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." IDT Corp. v. eBay, 709 F.3d 1220, 1223 (8th Cir. 2013). According to the Eighth Circuit, "only the most compelling reasons can justify non-disclosure of judicial records." In re Neal, 461 F.3d 1048, 1053 (8th Cir. 2006) (internal quotation marks omitted). "A proper motion to seal should be narrowly drawn and accompanied by a proposed redacted filing for the public docket." United States v. Garner, 39 F.4th 1023, 1024 (8th Cir. 2022) (finding a motion to file under seal overly broad where the party wished to seal an entire motion without any justification).

Here, Plaintiffs assert that members of Larson Financial Holdings, LLC are investors and employees, and their identities consititute sensitive, confidential business information. Plaintiffs further assert disclosure of their members would invade the members' privacy interests and could discourage future investments and create discontent amongst employees who have not been offered membership in the LLC.

The Court finds Plaintiffs' preference for confidentiality does not constitute a compelling reason for sealing the Disclosure Statements. Plaintiffs' description of their concerns regarding the disclosures are not sufficiently particularized, and there is nothing in the record that would indicate Plaintiffs or their members are required to keep membership in the LLC confidential. The Court finds conjecture about potential harm to Plaintiffs and their members that would result from the disclosure of their identities does not outweigh the public interest in open and accessible judicial records. Driver Opportunity Partners I, LP v. Ameriserv Fin., Inc., No. 3:22-CV-00237-SLH, 2023 WL 4711158, at *1 (W.D. Pa. July 24, 2023); Manssor v. NRRM, LLC, No. EP-23-

CV-00236-DCG, 2023 WL 4093413, at *1 (W.D. Tex. June 20, 2023); Wilkins v. Tory Burch, LLC, No. 4:23-CV-422 RLW, 2023 WL 3600084, at *1 (E.D. Mo. May 23, 2023); Darton Archery, LLC v. Bowtech, LLC, No. C.A. 23-140-CFC, 2023 WL 2755760, at *1 (D. Del. Apr. 3, 2023); Wiens Cap. Mgmt., LLC v. Advoc. Consulting Legal Grp., PLLC, No. 2:23-CV-81-SPC-KCD, 2023 WL 2435806, at *2 (M.D. Fla. Feb. 16, 2023).  The Court denies Plaintiffs' motion to file their Disclosure Statements under seal.

Plaintiffs further assert that their Disclosure Statements, which are attached to their Memorandum in Support of their Motion to Seal Disclosure Statements, are sufficient for the Court to determine that federal jurisdiction does not exist in this case, because the parties lack diversity of citizenship.[1]  The Court does not agree that the Disclosure Statements are sufficient to make such a determination.  Under E.D.Mo. L.R. 2.09, Plaintiffs were to provide the Court with the "citizenship of every individual or entity whose citizenship is attributed to" Plaintiffs.  E.D.Mo. L.R. 2.09.  Plaintiffs failed to do so.  Plaintiffs list the states of residence for the members of Larson Financial Holdings, LLC, which is not the same as citizenship.  Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987) (allegation of residence is not the equivalent of an allegation of citizenship).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Seal Disclosure Statements is **DENIED.**  [ECF No. 15].

---

[1] Plaintiffs originally filed suit in the Circuit Court of St. Louis County, Missouri, and on September 21, 2023, Defendant removed the cause of action to this Court on the basis of federal diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Plaintiffs have not moved to remand the case to state court.

3

**IT IS FURTHER ORDERED** that Plaintiffs shall file their Disclosure Statements on or before **November 16, 2023** pursuant to E.D.Mo. L.R. Rule 2.09.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this   13th   day of November 2023.